IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY CORDOVA,

                Plaintiff,                        ORDER

       v.                                       07-C-172-C

MATTHEW FRANK, Secretary,
GREGORY GRAMS, Warden, JANEL
NICKEL, Security Director, JANET
WALSH, Psychologist DS 1, DS1 first
shift sergeant, RICKY PLATH, Bldgs
and Grounds Supervisor, CAPTAIN
DYLON RADTKE, Administrative Cpt.,
DR. JENS, Psychiatrist, DR. DANA
DIEDRICH, Psychiatrist and JUSTIN
McLIMANS, Corrections Officer,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Anthony Cordova is a prisoner confined at the Wisconsin Resource Center in Winnebago, Wisconsin. He is proceeding in this case on his claims that while he was confined at the Columbia Correctional Institution (1) defendants Janet Walsh, Dr. Jens and Dr. Dana Diedrich refused to provide him with mental health treatment; (2) defendants Gregory Grams and Ricky Plath refused to repair poorly-sealed windows in his cell, causing the cell to become excessively cold; (3) defendants Dylon Radtke, Janel Nickel, Grams and

1

Matthew Frank enforced prison policies that required food to be delivered through filthy traps in the bottom of cell doors; and (4) defendant McLimans "bashed" him into a wall without provocation.

On December 26, 2007, defendants moved for summary judgment on all of plaintiff's claims. Plaintiff's opposing materials are due no later than January 26, 2008. Now, however, plaintiff has written a letter dated January 6, 2008, in which he asks for more time to respond to defendants' motion. Plaintiff admits that he has not served defendants with a copy of his letter as he is required to do pursuant to Fed. R. Civ. P. 5. He attempts to explain the failure by asserting that he has "not received a legal loan for 2008" and has not yet received a response from the business office to his "interview request and disbursement" form seeking money to pay for "legal supplies." In addition, plaintiff explains that recently he has been "in and out of" clinical observation following two failed suicide attempts, which means he has been unable to get to the law library.

Plaintiff has prosecuted other lawsuits in this court and is aware that the court cannot take notice of documents that have not been served on opposing counsel. Although he suggests that he does not have the money to purchase legal supplies, he has not submitted documentation that he has been refused the paper or postage he needed in order to send defendants' counsel a copy of his letter. Nevertheless, on this one occasion, I will enclose a copy of plaintiff's letter to defendants' counsel with a copy of this order and address

2

plaintiff's concerns.

In reviewing plaintiff's letter, it has come to the court's attention that this case must be stayed, not because plaintiff is presently having difficulty obtaining legal supplies or law library time so that he can oppose defendants' motion for summary judgment, but because a recent ruling of the Court of Appeals for the Seventh Circuit requires me to sever plaintiff's claims into separate lawsuits. Once plaintiff's claims have been severed, plaintiff will be in a better position to focus his time and limited resources on proving his entitlement to relief on the claim or claims he chooses to pursue.

In <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007) (copy attached), the court of appeals ruled that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Rather, district courts must sever unrelated claims against different defendants or sets of defendants and require that the claims be brought in separate lawsuits. The court reminded district courts that Fed. R. Civ. P. 20 applies as much to prisoner cases as it does to any other case.

Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action. It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants." Thus, multiple defendants

3

may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  Id.; 3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).  If the requirements for joinder of parties have been satisfied under Rule 20, only then may Fed. R. Civ. P. 18 be used to allow the plaintiff to join as many other claims as the plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).

In applying Rule 20 to this case, I conclude that plaintiff's complaint must be divided into four separate lawsuits.  These actions are not properly heard together in a single lawsuit under Rule 20 because they do not arise out of the same transaction, occurrence, or series of transactions and occurrences.  Plaintiff is contending that three of the defendants refused to provide him with mental health care, that two different defendants refused to repair a leaky window, which caused his cell to become excessively cold, that four different defendants enforced a policy that resulted in his getting food delivered through a filthy trap at the bottom of his cell door, and that another defendant used excessive force against him. Each of these claims concern separate incidents and separate individuals or sets of

individuals.

The central purpose of Rule 20 is to enable economies in litigation, such as trial convenience and timely resolution of disputes. Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000); Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). The Federal Rules, however, and the Prison Litigation Reform Act, recognize countervailing considerations to judicial economy. Rule 42(b), for example, provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. Fed. R. Civ. P. 42(b); Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). In addition, as recognized in George v. Smith, the Prison Litigation Reform Act's filing fee requirements are circumvented when prisoners are allowed to include a plethora of separate, independent claims in one lawsuit.

Here, not even considerations of convenience and expedited dispute resolution favorably influence the decision whether plaintiff may proceed in one lawsuit with all of his claims. Indeed, severance of plaintiff's claims will further the aims of the PLRA and fairness. As noted above, proof of wrongdoing will be unique to each specific incident. The likelihood of juror confusion if this case were tried as a whole is great in light of the large number of persons involved and the different incidents being contested. In sum, plaintiff's claims are appropriately severed under Rules 20 and 18 as set forth below.

- In what I will call Lawsuit #1, plaintiff may litigate his claim that defendants Janet

5

Walsh, Dr. Jens and Dr. Dana Diedrich refused to provide him with mental health treatment.

- In what I will call Lawsuit #2, plaintiff may litigate his claim that defendants Gregory Grams and Ricky Plath refused to repair poorly sealed windows in his cell, causing the cell to become excessively cold.

- In what I will call Lawsuit #3, plaintiff may litigate his claim that defendants Dylon, Radtke, Janel Nickel, Gregory Grams and Matthew Frank enforced prison policies that required food to be delivered through filthy traps in the bottom of cell doors.

- In what I will call Lawsuit #4, plaintiff may litigate his claim that defendant McLimans "bashed" him into a wall without provocation.

In light of George, I may apply the filing fee plaintiff owes in this case to only one of the four lawsuits I have identified above. (Plaintiff has not yet paid any part of the $350 filing fee in this case, presumably because he remains without the means to make such payments as are required under 28 U.S.C. § 1915.) Plaintiff will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, plaintiff has a more difficult choice. At the time I allowed plaintiff to proceed in this case, I had not recorded three strikes against him under the 1996 Prison Litigation Reform Act. However, the court of appeals' decision in George v. Smith changes plaintiff's three-strike status. Now the court has ruled that a strike under § 1915(g)

6

is to be recorded against any prisoner who files a complaint in which "*any claim*" in the complaint is determined to be frivolous, malicious or to fail to state a claim upon which relief may be granted.  (Emphasis in original.)

Plaintiff Cordova has a documented history of filing large complaints charging multiple defendants with multiple wrongdoings.  In this case and in at least two others, Cordova v. Jones, 02-C-105-C (decided April 15, 2002) and Cordova v. Frank, 05-C-487-C (decided September 12, 2005), this court dismissed in its screening order one or more of plaintiff's claims as legally frivolous or for failure to state a claim upon which relief may be granted.  Therefore, plaintiff now has three strikes, which means that so long as he remains a prisoner, he is barred by § 1915(g) from proceeding in forma pauperis in any new action that fails to meet the imminent danger exception described in § 1915(g).  Because each of plaintiff's separate lawsuits concern matters that occurred in the past while he was housed at a different institution, no lawsuit qualifies for the imminent danger exception.  Therefore, if plaintiff chooses to pursue more than one of the lawsuits identified above, he will have to pay the full filing fee for each additional suit.  Alternatively, plaintiff may choose to dismiss any or all of his remaining lawsuits voluntarily.  If he chooses this latter route, plaintiff will not owe additional filing fees. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

I understand that it is not normally the case that a lawsuit may be withdrawn without

7

prejudice when a case has progressed as far as this one has. However, in light of the unanticipated and far-reaching effect of the George decision on existing prisoner litigation, I intend to permit prisoner litigants in cases pending in this court at the time the George opinion was issued to dismiss without prejudice the separate lawsuits within their original complaint that have been identified as requiring severance.

ORDER

IT IS ORDERED that

1. Plaintiff may have until January 23, 2008, in which to identify for the court and defendants the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. As to this one lawsuit, the filing fee obligation plaintiff incurred when he filed this case will be applied.

2. Plaintiff may have until January 23, 2008, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For any lawsuit that plaintiff advises the court he intends to prosecute, (other than the one plaintiff chooses to keep assigned to this case number) plaintiff will owe a separate $350 filing fee, which he must pay in full no later than January 30, 2008. The payment(s)

8

may be submitted by a check or money order made payable to the clerk of court.

    5. If, by January 23, 2008, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists with prejudice for plaintiff's failure to prosecute.

    6. All proceedings are STAYED in this case pending plaintiff's response to this order.

Entered this 9th day of January, 2008.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge