IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY CORDOVA,

                Plaintiff,                      ORDER

      v.                                  07-cv-172-bbc

JANET WALSH, Psychologist DS 1, DS1 first
shift sergeant, DR. JENS, Psychiatrist and
DR. DANA DIEDRICH, Psychiatrist,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff is proceeding in this case on his claims against defendants for refusing to provide him with mental health treatment. Defendants filed a motion for summary judgment on March 3, 2008, and plaintiff's deadline to file his response is April 7, 2008. Now, plaintiff has submitted a second letter in this case, dated March 21, 2008, in which he says that he is not satisfied with the legal materials available to him at the Wisconsin Resource Center library and asks to be transferred back to Waupun Correctional Institution. (In an order dated February 27, 2008, I told plaintiff that I could not consider his first request because he had failed to comply with the service requirements of Fed. R. Civ. P. 5 by mailing a copy of his letter to counsel for defendant. Plaintiff has indicated on his current

1

letter that he has mailed a copy of the letter to the Office of the Attorney General.)  I will construe plaintiff's March 21 letter as a motion for a preliminary injunction to direct prison officials to provide him with legal materials.

Plaintiff's motion will be denied.  The only legal resource plaintiff says he is lacking is Title 42 of the United States Code.  Although it would be troubling if the prison did not possess a complete set of the federal statutes, this alleged deficiency has no bearing on this case.  Plaintiff's claim is that defendants violated his *constitutional* rights, not his rights under the federal statutes.  Thus, any legal research by plaintiff should focus on case law of the Supreme Court and the Court of Appeals for the Seventh Circuit interpreting the Eighth Amendment.  As a more general matter, plaintiff's primary focus should be on developing the *facts* he needs to oppose defendants' motion for summary judgment.  Although this court is aware of the law on Eighth Amendment claims, only plaintiff can adduce the evidence necessary to support his claim.

ORDER

IT IS ORDERED that plaintiff's letter dated March 21, 2008 (dkt. #60) construed as a motion for a preliminary injunction to direct prison officials to provide him with legal

2

materials is DENIED.

Entered this 2nd day of April, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3