IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY CORDOVA,

                       Plaintiff,                                  ORDER

        v.                                              07-cv-172-bbc

JANET WALSH, Psychologist DS 1, DS1 first
shift sergeant, DR. JENS, Psychiatrist and
DR. DANA DIEDRICH, Psychiatrist,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in favor of defendants and this case was closed on May 7, 2008. Now plaintiff has filed a letter asking the court to issue an order directing prison officials to pay the remaining balance of the filing fees in this case from his release account. The request will be denied.

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the <u>in forma pauperis</u> statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income, in accordance with 28 U.S.C. § 1915(b)(2). On March 29, 2007, this court entered an order finding plaintiff lacked the means to pay an initial partial filing fee in this matter and advised him that he was required to pay the $350 filing fee in monthly installments according to the requirements of the Prison Litigation Reform Act.

Although it is good to know that plaintiff takes his obligation to pay seriously, I cannot order the state to allocate plaintiff's release account funds in the manner he requests. The language of 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of such initial partial payments, it is within the state's discretion to decide whether, and to what extent, a prisoner should be able to withdraw money from his release account. Because the state has not authorized plaintiff to use his release account funds to pay the remaining balance of the $350 filing fee, I must deny his motion.

One additional matter requires attention. In his letter, plaintiff suggests that the court should require the Department of Corrections to provide the court with periodic inmate trust fund account statements so "the court can keep a closer eye on an inmate's account. . ." For plaintiff's information, the Court of Appeals for the Seventh Circuit has held that it is the prisoner litigants who is to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. Lucien v. DeTella, 1141 F.3d 773, 776 (7th Cir. 1998). It is ultimately plaintiff's responsibility to know whether he is paying his debts and to take steps to cure any problems with his accounts.

ORDER

IT IS ORDERED that plaintiff Anthony Cordova's request for an order directing

prison officials to pay the remainder of his filing fee and legal expenses from his release account, dkt. #76, is DENIED.

Entered this 12th day of February, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3